Filed 5/27/22  In re A.R. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B315182 (Super. Ct. No. J072274) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.R.,<br><br>    Defendant and Appellant. | |

A.R. (father) appeals the juvenile court's orders terminating parental rights to his two-year-old daughter, A.R.[1]

---

[1] All further references to A.R. are to the child.

(Welf. & Inst. Code, § 366.26.)[2] He contends the juvenile court and Ventura County Human Services Agency (HSA) failed to comply with their duties of inquiry under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.; ICWA) and related California law.

The juvenile court found ICWA did not apply based solely on the parents' denials of Indian ancestry. Neither HSA nor the court asked any of A.R.'s extended family members whether she is or may be an Indian child, as required by section 224.2, subdivision (b).

HSA concedes that "because certain relatives were readily accessible in this case . . . father is probably correct that HSA and the court could have asked those relatives about Indian ancestry and that the court may have erred by accepting just mother's and father's denial of any Indian ancestry." HSA argues, however, that any error was nonprejudicial or harmless under the facts of this case.

We agree that HSA was required to expand its ICWA inquiry to A.R.'s extended family members and that the juvenile court erred by making its ICWA determination based on an insufficient inquiry. Further, the error was prejudicial because it is not known what information the relatives would have provided had a proper inquiry been made. We conditionally affirm and remand for the juvenile court and HSA to comply with the inquiry provisions of ICWA and California law.

---

[2] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

## FACTS AND PROCEDURAL BACKGROUND

A.R. was taken into protective custody when she was two months old because of parents' substance abuse issues, father's incarceration and mother's arrest for child endangerment. Reunification services were offered but both parents failed to reunify with A.R. The juvenile court terminated services and set the matter for a section 366.26 permanency placement hearing.

HSA recommended A.R.'s adoption by her maternal great-grandmother. The juvenile court agreed with the recommendation and terminated parental rights to allow the adoption to proceed.

Earlier in the case, mother and father denied having any American Indian ancestry on their ICWA-020 Parental Notification of Indian Status forms. Father stated he had "Aztec Ancestry in Mexico." "Aztec" is not listed among the tribes recognized by the federal government. (Fed.Reg., vol. 86, no. 18 (Jan. 29, 2021).)

Five relatives appeared at the September 18, 2019 detention hearing. At the juvenile court's request, they introduced themselves as the child's paternal grandfather, paternal grandmother, paternal uncle and aunt, and maternal aunt.[3]

After informing the relatives they may "remain in the courtroom," the juvenile court noted it had received and considered the detention report, as well as the ICWA information provided by parents. It stated: "[T]here does not appear to be any . . . Native American Indian ancestry" as to either parent and it "[a]ppears that Indian Child Welfare Act does not apply." The court did not make any inquiry of the relatives in the courtroom.

---

[3] The grandparents were assisted by an interpreter.

The same relatives and another uncle attended the jurisdiction and disposition hearing a month later. During that time frame, the social worker spoke with the paternal grandparents, a paternal uncle, maternal grandmother and maternal great-aunt about visitation and possible placement of the child. The social worker also spoke with the maternal great-grandmother with whom the child was placed. At no point did the social worker ask these family members whether A.R. is or may be an Indian child.

## DISCUSSION

In all dependency cases, HSA and the juvenile court "have an affirmative and continuing duty to inquire" whether a minor subject to a petition under section 300 is or may be an Indian child within the meaning of ICWA. (§ 224.2, subd. (a).) The agency's initial duty to inquire includes "asking the child, parents, legal guardian, Indian custodian, *extended family members*, [and] others who have an interest in the child . . . whether the child is, or may be, an Indian child." (*Id.*, subd. (b), italics added; *In re H.V.* (2022) 75 Cal.App.5th 433, 437.) If, based on this initial inquiry, HSA or the court knows or has reason to know that the minor is an Indian child, HSA must make further inquiry "regarding the possible Indian status of the child . . . ." (§ 224.2, subd. (e); see *In re Antonio R.* (2022) 76 Cal.App.5th 421, 430 (*Antonio R.*) ["The duty to develop information concerning whether a child is an Indian child rests with the court and the [agency], not the parents or members of the parents' families"].)

The sole issue on appeal is whether HSA's and the juvenile court's efforts to comply with ICWA were adequate and, if not, whether the error was prejudicial. HSA acknowledges that

4

information relevant to A.R.'s possible Indian ancestry was readily obtainable from a number of the child's extended family members.  The social worker interviewed several maternal and paternal relatives and six of them appeared at hearings before the juvenile court.  Notwithstanding these opportunities, HSA and the court failed to ask any of these relatives about A.R.'s possible Indian ancestry.

"Courts of Appeal are divided as to whether a parent must make an affirmative showing of prejudice to support reversal where the [agency] failed fully to perform its initial duty of [ICWA] inquiry.  One line of cases requires that in order to demonstrate prejudice 'a parent asserting failure to inquire must show – at a minimum – that, if asked, he or she would, in good faith, have claimed some kind of Indian ancestry." (*Antonio R.*, *supra*, 76 Cal.App.5th at p. 433; see *In re A.C.* (2021) 65 Cal.App.5th 1060, 1069; *In re S.S.* (2022) 75 Cal.App.5th 575, 582-583; *In re Darian R.* (2022) 75 Cal.App.5th 502, 582; *In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1431.)  The other line holds that "'[i]t is unreasonable to require a parent to make an affirmative representation of Indian ancestry where the [agency's] failure to conduct an adequate inquiry deprived the parent of the very knowledge needed to make such a claim.'" (*Antonio R.*, at p. 433, quoting *In re Y.W.* (2021) 70 Cal.App.5th 542, 556; see *In re J.C.* (2022) 77 Cal.App.5th 70, 83; *In re K.T.* (2022) 76 Cal.App.5th 732, 744-745; *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 743; see also *In re A.C.*, *supra*, 65 Cal.App.5th at pp. 1074-1076 (dis. opn. of Menetrez, J.).)

*Antonio R.* adopted the latter standard, concluding that "[w]here the [agency] fails to discharge its initial duty of inquiry

under ICWA and related California law, and the juvenile court finds ICWA does not apply notwithstanding the lack of an adequate inquiry, the error is in most circumstances, as here, prejudicial and reversible.  Speculation as to whether extended family members might have information likely to bear meaningfully on whether the child is an Indian child has no place in the analysis of prejudicial error where there is an inadequate initial inquiry." (*Antonio R.*, *supra*, 76 Cal.App.5th at p. 435.) The court rejected the agency's contention that the error was harmless because there were "'slim'" odds the extended relatives' information would reveal Indian ancestry.  It reiterated that accepting that "position would require us to engage in precisely the type of speculation we consider inappropriate." (*Ibid.*)

We agree with *Antonio R.*  "ICWA is a vital aspect of our dependency framework, and both social workers and judges have affirmative and continuing duties to follow it -- regardless of the actions of the parents involved or the underlying reasons for the dependency.  As our Supreme Court [has] explained . . ., our state's goal of providing children with permanent and stable homes does not override the importance of properly determining a child's Indian status and protecting the integrity and stability of Indian tribes." (*In re K.T.*, *supra*, 76 Cal.App.5th at p. 745; see *In re Y.W.*, *supra*, 70 Cal.App.5th at p. 556 [The "point of the statutory requirement that the social worker ask all relevant individuals whether a child is or may be an Indian child [is] to obtain information the parent may not have"].)

On remand, HSA must, at a minimum, inquire of the extended family members who were previously interviewed or who appeared in court.  While we cannot know how these relatives will answer the inquiry, they are likely to have

meaningful information about whether A.R. is or may be an Indian child. (See *In re Benjamin M.*, *supra*, 70 Cal.App.5th at p.745.)

DISPOSITION

The orders terminating parental rights are conditionally affirmed. The matter is remanded to permit HSA and the juvenile court to comply with the inquiry and notice provisions of ICWA and California law. If the court finds A.R. is an Indian child, it shall conduct a new section 366.26 hearing, as well as all further proceedings, in compliance with ICWA and related California law. Otherwise, the court's original section 366.26 orders will remain in effect.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Tari L. Cody, Judge
Superior Court County of Ventura
_____


Andre F. F. Toscano, under appointment by the Court of Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, and Joseph J. Randazzo, Assistant County Counsel, Plaintiff and Respondent.